Mary W. BLAIS

v.

Leon A. BLAIS

v.

**FLEET BANK OF MASSACHUSETTS, N.A.**

No. 94–616–M.P.

Supreme Court of Rhode Island.

Jan. 23, 1995.

Alfred Factor, Matthew J. Elliott, Kirshenbaum & Kirshenbaum, Cranston, for plaintiff.

John B. Harwood, McKinnon & Harwood, Pawtucket, for defendant.

Jeffrey Gladstone, Charles A. Lovell, Partridge, Snow & Hahn, Providence, for third party defendant.

OPINION

PER CURIAM.

This matter came before the Supreme Court on December 16, 1994, pursuant to an order directing the parties to appear and to show cause why the issues raised in this petition for a writ of certiorari should not be summarily decided.

This controversy arises out of a temporary restraining order issued by the Family Court on October 18, 1994, prohibiting Fleet Bank of Massachusetts, N.A. (Fleet), from foreclosing on Mary W. and Leon A. Blais (the Blaises) marital domicile in Lincoln, Rhode Island.

An original ex parte temporary restraining order preventing foreclosure on the marital domicile was granted on September 16, 1994. A second ex parte continuance of this September 16 temporary restraining order was granted on October 5, 1994, further prevent-

ing foreclosure on the Blaises' property. On October 18, 1994, the matter came before a trial justice of the Family Court for a hearing.

During the October 18, 1994 hearing, Fleet argued that the temporary restraining orders dated September 16 and October 5 should be vacated because such action was unwarranted. The trial justice denied the motion to vacate. The transcript of this hearing discloses no findings of fact or record of oral or documentary evidence incident to the hearings which both parties allege resulted in an agreement; nor is there such record which would justify a continuance for good cause shown. Despite this lack of record, the trial justice issued a third temporary restraining order during this October 18 hearing. This third temporary restraining order extended the original ex parte September 16 temporary restraining order for a period of ninety days, effective from September 14, 1994, up to and including December 13, 1994.[1]

Fleet now seeks that its petition for writ of certiorari be granted. It is the contention of Fleet that the trial justice's actions constituted an abuse of discretion, there being no record of factual finding which would sustain the three temporary restraining orders.

■ Although the question before us is moot since the temporary restraining order expired by its own terms on December 14, 1994, we believe it is a matter of public importance. It is a matter capable of repetition, which may evade review. *In re Amanda M.*, 626 A.2d 1277, 1278 (R.I.1993); *Morris v. D'Amario*, 416 A.2d 137, 139 (R.I.1980). We shall therefore address the merits of Fleet's petition.

■ Pursuant to Rule 65(b) of the Rules of Procedure for Domestic Relations,

"[e]very temporary restraining order granted without notice shall * * * expire by its terms within such time after entry, not to exceed thirty (30) days, as the court fixes, unless within the time so fixed the order by consent or for good cause shown and after hearing of argument by the par-

ties or counsel, is extended for an additional period."

In the instant case no record exists indicating that the trial justice articulated those standards for issuance of a temporary restraining order that constitute "good cause shown" under Rule 65(b). *Martin v. Lincoln Bar, Inc.*, 622 A.2d 464, 469 (R.I.1993). The Blaises contend that the order was extended by consent. There is no writing evidencing such an agreement, nor is there any record of an agreement. Therefore, we are of the opinion that the trial justice abused his discretion in extending the temporary restraining order beyond thirty days. Compliance with the dictates of Rule 65(b) has not been met in regard to consent or good cause shown in the instant case.

The Blaises counter that our decision in *Rhode Island Central Credit Union v. Pazienza*, 572 A.2d 296 (R.I.1990), enables a trial justice to grant continuances of a temporary restraining order for a period of ninety days. However, nothing in *Pazienza* allows a trial justice to deviate from the requirements of Rule 65(b). There must be a record from which this court can conclude that a hearing was held. In the instant case the temporary restraining order was improperly continued without such a Rule 65(b) record of hearing accompanied by factual findings.

Consequently, after hearing the arguments of counsel and reviewing the memoranda that the parties submitted, this court concludes that cause has not been shown. Fleet's petition for certiorari is granted, the trial justice's order is quashed, and the papers of this case are remanded to the Family Court with our decision endorsed thereon.

LEDERBERG, J., did not participate.

---

1. The trial justice mistakenly believed the original temporary restraining order was granted on September 14 when in fact it had been granted on the 16 of September.